TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00056-CR







James Rodney Tindle, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF RUNNELS COUNTY, 119TH JUDICIAL DISTRICT


NO. 5348, HONORABLE BEN WOODWARD, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



In February 2005, appellant James Rodney Tindle was placed on deferred
adjudication supervision after he pleaded guilty to indecency with a child by exposure. See
Tex. Penal Code Ann. § 21.11 (West 2003). Ten months later, the court adjudicated appellant guilty
and sentenced him to six years' imprisonment. In two points of error, appellant complains that the
presentence report was inadequate and that the trial court should have made an inquiry into his
competence. We will overrule these contentions and affirm the conviction.

At the sentencing hearing, appellant testified that he continues to experience the
effects of a brain injury he suffered in a 2000 automobile accident. Asked if the injury "has affected
your memory processes and attitude," appellant replied, "Well, the brain cells died, yes, sir." 
Appellant also stated that his "mind has been messed up from my wreck."

Appellant's sister testified that appellant "has made some mistakes and he knows
that." With respect to appellant's brain injury, she testified that appellant has "impulses that
constantly go over in his brain" and suffers from short-term memory loss. "He can remember things
that happened when we were a kid. But as far as remembering something that happened two or three
days ago, he can't tell you." She stated that appellant needs long-term care.

The third witness at the hearing was probation officer Bryan Furman, who had also
prepared a presentence report. In point of error one, appellant urges that the trial court
erred by failing to require that the presentence report include a psychological evaluation. See
Tex. Code Crim. Proc. Ann. art. 42.12, § 9(i) (West 2006). Although the reporter's record reflects
that the presentence report was reviewed and considered by the parties and the court, the report was
not introduced in evidence and does not appear in the appellate record. (1) No objection to the report
was made at the hearing. Nothing is presented for review.

In point of error two, appellant complains that the trial court erred by failing to inquire
whether there was evidence that would support a finding that he was incompetent to stand trial. See
id. art. 46B.004(b), (c). Appellant argues that the court should have taken this action after hearing
the testimony regarding his brain injury and the resulting short-term memory loss. Appellant does
not, however, refer us to any evidence indicating that he did not have a rational and factual
understanding of these proceedings or that he was unable to consult with his attorney with a
reasonable degree of understanding. See id. art. 46B.003(a). No error is shown.

The points of error are overruled and the judgment of conviction is affirmed.



 __________________________________________

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Affirmed

Filed: March 6, 2007

Do Not Publish
1. This Court's clerk has been informed by the district clerk that the presentence report is not on
file.